# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC., | Case No. 1:16-mc-00006-SKO |
| Plaintiffs, | **ORDER HOLDING IN ABEYANCE DEFENDANT'S APPLICATION FOR AN ORDER TO SHOW CAUSE** |
| v. | (Doc. 1) |
| SWISHER INTERNATIONAL, INC., | |
| Defendant. | |

## I.   INTRODUCTION

On January 21, 2016, Defendant Swisher International ("Swisher") filed an "Application for an Order Directing Nonparties to Appear and Show Cause Why They Should Not be Held in Civil Contempt for Failing to Appear for Deposition and/or Failing to Produce Documents" (Application for OSC) and set a hearing for February 24, 2016.  (Doc. 1.)  For the reasons set forth below, the Court vacates the February 24, 2016, hearing and holds the matter in abeyance pending the decision of the U.S. District Court for the Central District of California on related issues.

## II.   BACKGROUD

**A.     Underlying Litigation in the Central District of California**

Swisher is a defendant in an action filed by plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc. (collectively, "TSI") currently pending in the U.S. District Court for the Central District of California, Case. No. 8:14-cv-1664-JVS (DFMx). TSI asserts that Swisher's employees openly disparaged TSI to third parties and made certain statements to third parties, intending to interfere with TSI's business relationships. *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. 8:14-cv-01664-JVS-DFM (C.D. Cal. 2015) ("C.D. Cal. Litig."). On May 28, 2015, a scheduling order was issued in that litigation setting a discovery deadline of November 16, 2015, and a trial date of March 16, 2016. (C.D. Cal. Litig., Doc. 42.)

During the course of discovery in the C.D. Cal. Litig., TSI disclosed SM Brother's Inc., Sandeep Mehat, and Allmey Enterprises Inc. d/b/a Toby Vapes & More ("Tony Vapes"), Polk & Green Market, and Kamal Damrah as third-party witnesses who could support TSI's allegations that Swisher's employees openly disparaged TSI and made statements to those parties with the intent of interfering with TSI's business.

On October 1, 2015, the parties filed a joint request to extend the fact discovery deadline to March 18, 2015, which was denied; however, the court stated it would "consider adjustment of any dates other than the trial and pretrial conference dates." (C.D. Cal. Litig., Doc. 47.) On October 6, 2015, Swisher filed a new stipulation requesting modification of the pretrial dates, with the exception of the pretrial conference and trial dates. (C.D. Cal. Litig., Doc. 48.) The stipulation requested until January 4, 2016, to complete fact discovery. (C.D. Cal. Litig., Doc. 48.) On October 27, 2015, while the parties' stipulated request was pending with the court, Swisher claims it entered into a private stipulation with TSI to extend the "fact discovery cut off" until December 11, 2015, to allow for the scheduling of certain third-party depositions. Swisher then served the third party subpoenas.

On January 11, 2016, Swisher contends it was informed by the Courtroom Deputy that the parties' October 6, 2015, stipulation had not been addressed by the court because "a proposed order had never arrived in the Court chamber's e-mail box . . . ." (C.D. Cal., Doc. 117, 7:9-11.) According to Swisher, TSI then repudiated the October 27, 2015, private stipulation and

purportedly withdrew its consent for the extensions jointly requested. (C.D. Cal. Litig., Doc. 117, 7:9-11.) On January 26, 2016, Swisher filed an "Ex Parte Application to Compel Discovery from Non-party Witnesses" ("Application to Compel Discovery") including SM Brothers, Inc., Sandeep Mehat, Kamal Damrah, Allmey Enterprises Inc. dba Toby Vapes & More, and Polk & Green Market. (C.D. Cal. Litig., Doc. 117.)

**B.     Rule 45 Subpoena Enforcement Action in the Northern District of California**

On December 21, 2015, Swisher filed an ex-parte application in the Northern District of California seeking an order to show cause why third-parties SM Brothers, Inc., Sandeep Mehat, Toby Vapes & More, and Polk & Green Market should not be held in contempt for failing to appear at their deposition or produce documents pursuant to Rule 45. *Trendsettah USA, Inc.*, No. CV 15 80315-JSC (N.D. Cal. Dec. 21, 2015) ("N.D. Cal. Litig.") (Doc. 1). Regarding the underlying litigation in the Central District between Swisher and TSI, Swisher sought an order compelling (1) the depositions of third-parties SM Brothers, Inc., and Sandeep Mehat and for these third parties to produce documents; and (2) the corporate representatives of Polk & Green Market and Allmey Enterprises, Inc., dba Toby Vapes & More ("Toby Vapes") to produce documents. Subpoenas were served on SM Brothers, Inc. and Mr. Mehat on November 27, 2015, compelling them to appear for deposition and produce documents on December 10, 2015, but they failed to comply. Swisher also subpoenaed Polk & Green Market and Toby Vapes on December 3, 2015, requiring production of documents; however, they never produced any documents. (N.D. Cal. Litig., Doc. 1.)

On January 14, 2016, the Northern District of California issued an order on Swisher's application noting that while one of the third-party subpoenas at issue in Swisher's application was served in the Northern District (Polk & Green Market), two others were issued to parties located in the Eastern District of California (SM Brothers, Inc., and Sandeep Mehat). (N.D. Cal. Litig., Doc. 12.) The court determined that Swisher's motion as to third-parties located in the Eastern District was brought in the wrong court. As to Polk & Green Market, the Rule 45 enforcement proceeding could be transferred to the Central District to be considered in the underlying litigation upon the written consent of Polk & Green Market. (N.D. Cal. Litig., Doc. 12.) The court held that if Polk

3

& Green Market did not file a written consent to transfer, a compliance hearing would be held on January 21, 2016. A hearing was held on January 21, 2016, and the compliance matter as to Polk & Green Market was held in abeyance while Swisher's Application to Compel discovery was resolved by the Central District of California.

**C.  Rule 45 Subpoena Enforcement Action in the Northern District of Illinois**

On January 22, 2016, Swisher filed an application in the Northern District of Illinois seeking to compel the production of documents from third-party witness Kamal Damrah who is located in that district and purportedly has information relevant to the underlying litigation in the Central District of California. (*Trendsettah USA, Inc. v. Swisher*, No. 1:16-cv-00956, Doc. 1 ("Illinois Litig.").) On February 12, 2016, the Northern District of Illinois ordered that Swisher's application be held in abeyance until Swisher's Application to Compel Discovery in the Central District of California was decided. (Illinois Litig., Doc. 17.)

**D.  Rule 45 Subpoena Enforcement Action in the Eastern District of California**

On January 21, 2016, Swisher filed an Application for OSC in this Court seeking an order compelling non-parties SM Brothers, Inc., Sandeep Mehat, and Toby Vapes to comply with Rule 45 subpoenas. A hearing on Swisher's application was set for February 24, 2016.

On February 16, 2016, TSI filed a request for judicial notice of the compliance actions in the Northern District of California and the Northern District of Illinois, and suggested that this Court should – like those district courts – withhold any ruling on Swisher's Application for an OSC until the Central District of California rules on Swisher's Application to Compel Discovery. (Doc. 8.)

### III.  DISCUSSION

There is a dispute between the parties about the discovery deadline in the underlying litigation in the Central District of California and the timeliness of third-party subpoenas relevant to each of the three satellite enforcement actions before the Northern District of California, the Northern District of Illinois, and this Court. The discovery deadline in the underlying litigation was set for November 16, 2015, but Swisher argues there was a private agreement to extend this deadline to December 11, 2015.

Subpoenas under Rule 45 are discovery, and under normal conditions must be used within the time period permitted for discovery in the case. *See Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn.1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (subpoenas duces tecum for particular records, issued to third parties after the close of discovery for purposes of discovering impeachment material, were quashed as an improper attempt to engage in discovery after designated time period).

The timeliness of Swisher's third-party subpoenas under the parties' scheduling order is one of the issues pending before the Central District of California in Swisher's January 26, 2016, Application to Compel Discovery. (C.D. Cal. Litig., Doc. 117.) This court joins the Northern District of California and the Northern District of Illinois and holds in abeyance Swisher's Application for OSC until the Central District of California has decided Swisher's Application to Compel Discovery from the same nonparty witnesses. Within 2 days of an order from the Central District of California on Swisher's Application to Compel Discovery, the parties shall file a notice with this Court of that Court's ruling.

### IV.   CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Swisher's Application for OSC is held in abeyance; and
2. Within 2 days of a ruling from the Central District of California on Swisher's Application to Compel Discovery, the parties shall file a notice of the ruling with this Court.

IT IS SO ORDERED.

Dated:   **February 18, 2016**              **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE